Citation Nr: 1722244 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 09-35 482 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for traumatic brain injury (TBI), to include as secondary to the service-connected schizophrenia.

2. Entitlement to special monthly compensation (SMC) based on a need for regular aid and attendance of another person and/or on being housebound.


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Veteran and his wife



ATTORNEY FOR THE BOARD

T. Carter, Counsel


INTRODUCTION

The Veteran served on active duty in the United States Navy from October 1975 to June 1976.

This case comes before the Board of Veterans' Appeals (Board) on appeal from February 2008 and August 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri and Jackson, Mississippi, respectively.

In March 2012, the Veteran testified at a Travel Board hearing at the RO in Jackson, Mississippi before a Veterans Law Judge (VLJ) who has since retired. The Veteran was notified by letter in June 2016 that the VLJ who conducted the March 2012 hearing is no longer employed by the Board and thus was offered the opportunity to have another hearing before a member of the Board. No response was received within 30 days, so, per the instructions in the June 2016 letter, the Board assumes the Veteran does not want another hearing and will proceed accordingly. 

The Board remanded the issue of SMC for additional evidentiary development in June 2012 and denied it on the merits in October 2014. The Veteran appealed the October 2014 Board decision to the United States Court of Appeals for Veterans Claims (Court). On March 23, 2016, a memorandum decision set aside the October 2014 Board decision and remanded it to the Board. In December 2016, the Board remanded the issue pursuant to the March 2016 memorandum decision, along with the issue of entitlement to service connection for TBI, and the case has been returned to the Board for appellate review.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). 
REMAND

Since the case was readjudicated in a March 2017 supplemental statement of the case (SSOC) and the Veteran's representative submitted a written brief in March 2017, additional evidence relevant to the issues on appeal have been obtained and associated with the record. Such evidence includes an April 2017 VA Form 21-2680 (Examination for Housebound Status or Permanent Need for Regular Aid & Attendance), VA treatment records dated from September 2016 to April 2107 (located in Virtual VA), and any subsequent VA medical opinion to be associated with the record. Specifically, the Board notes that an April 2017 examination request worksheet indicates a request for a VA medical opinion regarding a nexus between Aid & Attendance and service-connected schizophrenia.

In a May 2017 letter, the Veteran was notified of the additional evidence of record noted above, requested to specify whether he waives the right to have such evidence initially reviewed by the AOJ or to have his case sent back to the AOJ for initial review, and informed that if no response was received within 30 days from the date of the letter that the Board will assume the Veteran does not wish to have the Board decide the appeal at this time and will remand it to the AOJ for review. Review of the record shows that no response was received by the Veteran within 30 days of the May 2017 letter.

Accordingly, the case is REMANDED for the following action:

1. Determine whether a VA medical opinion regarding a nexus between Aid & Attendance and service-connected schizophrenia, pursuant to the April 2017 examination request worksheet, has been completed. If so, obtain and associate the report with the claims file.

2. Then, readjudicate the claims, to include consideration of the additional evidence of record since the March 2017 SSOC. If any decision is adverse to the Veteran, issue an additional SSOC and allow the applicable time for response. Then, return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
D. Martz Ames
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).